NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID LOPEZ GONZALES, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> KRIS MAYES, named Kristin K. Mayes, Arizona Attorney General; RACHEL MITCHELL, Maricopa County Attorney; AMANDA M. PARKER, Deputy County Attorney; ERIC KNOBLOCH, Assistant Attorney General, <br><br> Defendants - Appellees. | No. 24-2281 <br><br> D.C. No. 2:24-cv-00002-ROS-- DMF <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted November 12, 2025[**]

Before: SCHROEDER, RAWLINSON, and NGUYEN, Circuit Judges.

Arizona state prisoner David Lopez Gonzales appeals pro se from the district

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional claims in connection with his state court criminal case. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Gonzales's action as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) because success on Gonzales's claims would necessarily imply the invalidity of his conviction, and Gonzales has not demonstrated that his conviction has been invalidated. *See Heck*, 512 U.S. at 486-87 (holding that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"); *see also Skinner v. Switzer*, 562 U.S. 521, 536 (2011) (claims relying on an alleged *Brady v. Maryland*, 373 U.S. 83 (1963), violation are "outside the province of § 1983" under *Heck*); *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (holding that *Heck* applies regardless of the type of relief sought).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Gonzales's motion (Docket Entry No. 14) for amicus briefing is denied.

**AFFIRMED.**

2                                                                                          24-2281